Common Pleas Court of Knox County.

JAY S. McDevitt et al, Rec'rs v. P. H. Chapman.

Decided May 6, 1932.

*L. Tate Cromley*, for plaintiffs.
*Barton W. Blair*, and *Wm. L. Robinson*, for defendant.

Wilkins, J.

This is a case in which a jury was waived and the cause submitted to the court. It is an action in which plaintiffs seek to recover from the defendant a sum of money in the amount of $732.19, claimed due on a promissory note from the defendant. The defendant admits giving the note, but for a defense says that at the time of giving the note he was a depositor in The Centerburg Building and Loan Association Company and had on deposit in said Association the sum of $700 evidenced by a passbook which he says he left with said company as collateral security for the payment of this note in question. The question to be determined by this court is, has the defendant Chapman the right to set off against his liability on the note the amount of his deposit in the association?

The general law of set-off in Ohio is provided by Sections 11319 and 11321 of the General Code. Courts of equity have also recognized the right where the debts in question are mutual and in the same right. It is well settled that any right that the debtor had against a corporation may still be urged in an action brought against him by the receivers. (50 Ohio State, page 101, and 124 Ohio State, page 112.) So, if the defendant had a right of set-off against the association, it would still exist as against the plaintiffs who are receivers.

It is unquestioned that in Ohio, in the case of a bank, the right of set-off exists. This is the general rule supported by text and numerous decisions. (49 Ohio State, page 376.) As a general rule a debtor of a corporation is entitled to the right of set-off, but this statement has its qualification: A stockholder in a corporation is not, after the insolvency of the corporation, entitled to set off a claim held by him against the corporation against his liability for unpaid stock subscription. This rule, too, has its exceptions, as found in the case of *Niles, Assignee* v. *Olszak*, reported in 87 Ohio State, page 229. In this case a stockholder in a building and loan association who had been sued for a balance due on stock subscription was allowed a set-off against his liability, of his deposit in the building and loan association. While this was because of the particular facts in the case the value of that case as a precedent is that it recognized the right of set-off in a proper case.

The case of *Crawford* v. *McDonald*, in 124 Ohio State, page 112, deals with the right of a set-off by a stockholder who is sued for unpaid stock subscriptions. This case asserts the general rule that a stockholder in a corporation is not, after insolvency, entitled to set off a claim held by him against the corporation, against his liability for unpaid stock subscription, but it further holds that, if the claim arose out of the same transaction as the claim against him—that is it involved the same subject matter—that the right of set-off would prevail. This case discusses the *Niles, Assignee,* v. *Olszak* case, but we do not think there is any attempt to change the law as given in the Olszak case, neither does it extend the rule beyond the facts in said case. The holdings seem to· regard that capital stock is a trust fund for creditors against which there is no exception other than above noted. We think this case also recognizes the right of set-off in a proper case. We cannot conceive that the situation in the *Niles, Assignee,* v.· *Olszak* case was any more meritorious or would appeal to a court of equity, if it were being so considered, more strongly than the facts in the case at bar. Here the defendant left with the bank as security for the sum borrowed the evidence

of a deposit of $700. in the association. It was a simultaneous transaction wherein the defendant secured $700. by reason of having on deposit $700. which he was able to pledge as security. While the act of the defendant resulted in a paper obligation to The Building and Loan Association, it is compensated by an equal amount due the defendant borrower, the net result of which is to wipe out all debt save the difference between the amount borrowed with interest and the amount on deposit. If a set-off can be allowed against an unpaid stock subscription, we certainly think it should be allowed in the case of ordinary debts which are mutual and in the same right. In this we are supported by the 56 Northwestern, 265, and the 53 Northwestern, 232, where it was held that a borrower, who had rendered services as an attorney, was an independent creditor, and when sued for the amount borrowed could set off the amount due him. We cannot see why the principle involved in the case of a bank, and which has been so definitely settled, should not apply with equal force to a building and loan association. It is suggested that the allowance of this set-off would amount to a preference. This does not appeal to the court, and is nicely disposed of in language found in the 50 Ohio State, page 101, and reads as follows:

"It is urged that by allowing the set-off the fund for the benefit of creditors will be diminished, resulting in an inequality of distribution among the creditors; but it is said that the set-off in such a case is not a means of paying one debt in preference to other debts which the insolvent owes, for to the extent of the demands set off or compensated there was no debt. From the moment they were contracted they extinguished each other. Hence, the operation of the set-off is not to pay but to ascertain a debt made by the difference between the amounts of the respective debits and credits."

Hence, it is our conclusion and we hold that the defendant was entitled to a credit upon the amount due to said Loan Company on his note in the amount of his deposit, and that the defendant from and after the time he deposited his collateral as security ceased to be indebted to the Loan Company to the extent of his deposit, and that

the defendant is only indebted to the plaintiff in the amount of his note and interest, reduced by the credit of his said deposit, and the finding and judgment for the plaintiffs will be entered to the amount of the difference.